THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HUGH T. BASS, Appellant.*

County Court, Essex County, February 9, 1946.

*W. Stanton Ablett* for appellant.

*Harold R. Soden, District Attorney,* for respondent.

WICKES, J. This is an appeal by the defendant from a judgment of conviction of a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York (operating a motor vehicle while in an intoxicated condition). This conviction was on the defendant's plea of guilt to the charge.

The defendant was examined by George C. Owens, M. D., a reputable physician, who pronounced him intoxicated.

The defendant was operating a car in New York State under an operator's license issued by the State of Connecticut. He was not the holder of a New York State operator's license. As a result of his conviction his Connecticut operator's license was revoked by the Department of Motor Vehicles of the State of Connecticut.

---

* Cf. *Matter of Harrigan* v. *Fletcher,* 271 App. Div. 723.—[REP.

The principal and only real basis for this appeal is the claim by the appellant that the Magistrate did not inform him that his Connecticut operator's license would be revoked if he were convicted and that the Magistrate was required to so inform him by section 335-a of the Code of Criminal Procedure.

This section reads as follows: " The magistrate, after the arrest of a person charged with a violation of the vehicle and traffic law, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge involved, and must expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial."

It appears conclusively from the affidavit of the defendant-appellant and the memorandum submitted by his attorneys on this appeal, that the defendant was apprehensive that his Connecticut operator's license might be suspended or revoked.

The appellant contends that the Magistrate told him that New York State had no jurisdiction over licenses of Connecticut operators and that the Magistrate and the arresting officer both told him that in their opinion a conviction would not be reported to the Connecticut Motor Vehicle Department.

The Magistrate and arresting officer on the other hand both state that the Magistrate told the appellant that the Magistrate would have to " take up " or " pick up " any New York State license upon a plea of guilty; that the defendant might or might not lose his Connecticut license and that the Magistrate did not know the " set-up or the reciprocal agreements between the State of New York and the State of Connecticut."

I have not been able to find a reported case passing on the question presented by this appeal.

It seems to me that the Legislature never intended that section 335-a would require a magistrate to advise a defendant charged with a violation of the Vehicle and Traffic Law in New York State as to the law of the State of Connecticut.

It is unreasonable to suppose that the Legislature intended to require magistrates to advise defendants as to the laws of any State other than New York.

I hold that section 335-a of the Code of Criminal Procedure does not require a magistrate to inform a defendant as to what will happen to a license issued by another State as a result of a conviction in this State and that the word " license " as used in this section means only a license issued by the State of New York.

This judgment of conviction should be affirmed.